Kevin A. Crisp (SBN 261023)
    E-mail: crispk@pepperlaw.com
**PEPPER HAMILTON LLP**
4 Park Plaza, Suite 1200
Irvine, California 92614
Tel: 949.567.3500
Fax: 949.863.0151

Attorneys for THE VANGUARD GROUP, INC.;
VANGUARD MARKETING CORP.; and
VANGUARD BROKERAGE SERVICES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN A. POLLOK, ADMINISTRATOR FOR THE ESTATE OF EDWARD S. SALKIN,<br><br>Plaintiff,<br><br>v.<br><br>THE VANGUARD GROUP, INC., VANGUARD MARKETING CORP.; and VANGUARD BROKERAGE SERVICES and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 8:16-CV-00836<br><br>Honorable: _____<br><br>Crtrm.: _____<br><br>**DEFENDANTS THE VANGUARD GROUP, INC., VANGUARD MARKETING CORPORATION, AND VANGUARD BROKERAGE SERVICES' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)** |

#39163204 v1

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, The Vanguard Group, Inc., Vanguard Marketing Corporation, and Vanguard Brokerage Services ("Defendants") hereby remove to this Court the state court action described below.

1. On March 3, 2016, a civil action was commenced by a California Probate Code Section 850 Petition (the "Petition") in the Superior Court in the State of California in and for the County of Orange ("Orange County Superior Court") entitled *Julian A. Pollok, Administrator for the Estate of Edward S. Salkin (the "Plaintiff") vs. The Vanguard Group, Inc., Vanguard Marketing Corporation, and Vanguard Brokerage Services[1], and Does 1 through 50, inclusive,* Case No. 30-2014-00733494-PR-PL-CJC (the "State Court Action"). A true and correct copy of the Petition is attached hereto as Exhibit 1.

2. The Petition seeks turnover under California Probate Code Section 850 of property allegedly belonging to the Estate of Edward S. Salkin (the "Estate") as seeks recovery for the alleged diminution of value of that property. Petition, at Prayer for Relief, ¶¶ 1-2 (seeking alleged "difference in value of each stock, security and/or funds belonging to Dr. Salkin's estate" that purportedly occurred before Plaintiff obtained an order directing turnover of the deceased's investment funds). As the Petition itself makes clear, however, Defendants did in fact turnover all property allegedly belonging to the Estate over one year ago. *Id.* at ¶¶ 11-12. The property at issue had been subject to a dispute between Plaintiff and another person, and at one point a temporary restraining order was granted forbidding release of the funds. Pursuant to Defendants' contractual rights, it froze the funds pending an order of court or agreement by the disputing parties as to the

---

[1] Vanguard Brokerage Services is not a legal entity, but rather, is a division of Defendant Vanguard Marketing Corporation.

funds. Plaintiff agreed that Vanguard would not bear any liability with respect to the funds if the funds were turned over in response to a court order. Rather than immediately obtaining an order to release the funds, Plaintiff waited several months to obtain an order to turn over the property without ever requesting that the assets be invested more conservatively to, *e.g.*, guard against diminution of value. The Defendants promptly released the property over upon issuance of the order.

3. On April 6, 2016, a Notice of Hearing regarding the Petition was filed in the State Court Action. A true and correct of the Notice of Hearing is attached hereto as Exhibit 2.

4. Also on April 6, 2016, the Plaintiff's registered process server in California received, for the first time, the Petition and Notice of Hearing. Accordingly, this Petition for Removal is timely as it is filed within thirty (30) days of the receipt of the Petition by Defendants. *See* 28 U.S.C. §1446(b).

5. To the best of Defendants' knowledge, no further proceedings have taken place in the State Court Action regarding the Petition, other than the filing and/or service of the documents attached as Exhibits 1 and 2.

6. **Removal jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446**: This is a civil action that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, in that: (i) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (ii) at the time the Petition was filed, as well as at the time of this removal, each of the Defendants is a citizen of a state different from that of Plaintiff's citizenship, as shown in more detail below. *Thomas v. Artist Rights Enforcement Corp.*, 572 F. Supp. 2d 1194, 1197 (C.D. Cal. 2008) ( A "Section 850 Petition" constitutes a "civil action . . . properly removable within meaning of 28 U.S.C. § 1441(b)").

7. **Matter in controversy exceeds $75,000**: In the Petition,

Plaintiff seeks "damages" of "not less than $1,820,114," exclusive of interest and costs. Petition, Prayer for Relief, ¶ 2; 28 U.S.C. § 1332(a) (matter in controversy exceeding $75,000, exclusive of interest and costs, sufficient for removal).

8. **Diversity of citizenship**: At all times herein mentioned, Plaintiff was and still is a resident and citizen of the State of California. *See* Petition, ¶ 7. At all times herein mentioned – as well as at the time of the filing of the Petition and as of the date of this removal – Defendants have been and currently are all (i) citizens of the State of Pennsylvania; (ii) incorporated, organized, and existing under the laws of the State of Pennsylvania; and (iii) have their principal place of business in Malvern, Pennsylvania. *C.f.*, Petition at ¶¶ 3-4. Thus, diversity exists between the only named Plaintiff, a citizen of California, and Defendants, each of which are citizens of Pennsylvania. Accordingly, there is sufficient "minimal diversity" to merit removal.

9. Pursuant to the requirements of 28 U.S.C. §1446(d), Defendants will promptly give notice of filing this Notice of Removal to Plaintiff through his counsel of record and will promptly file with the clerk of the Orange County Superior Court a copy of the Notice of Removal.

Dated: May 4, 2016

PEPPER HAMILTON LLP

By: _____
Kevin A. Crisp
Attorneys for The Vanguard Group, Inc., Vanguard Marketing Corp., and Vanguard Brokerage Services

# EXHIBIT 1

Case 8:16-cv-00836-JLS-JCG   Document 1   Filed 05/04/16   Page 5 of 18   Page ID #:5

Case 8:16-cv-00836-JLS-JCG   Document 1   Filed 05/04/16   Page 6 of 18   Page ID #:6

Howard M. Bidna, #78164
Richard D. Keys, # 105901
Bidna & Keys, APLC
5120 Campus Drive
Newport Beach, CA 92660
Tel: (949) 752-7030

Attorneys for Plaintiff Julian A. Pollok,
Administrator with Will Annexed
for the Estate of Edward S. Salkin

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**03/03/2016** at 09:54:00 AM

Clerk of the Superior Court
By Laura Ojeda, Deputy Clerk

06/09/2016

09:00 AM

C06

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

ESTATE OF:

EDWARD S. SALKIN, also known as,
EDWARD SALKIN

JULIAN A. POLLOK, ADMINISTRATOR
WITH WILL ANNEXED FOR THE
ESTATE OF EDWARD S. SALKIN,

　　　　Petitioner,

vs.

THE VANGUARD GROUP, INC., a
Pennsylvania corporation; VANGUARD
MARKETING CORPORATION, a
Pennsylvania corporation; VANGUARD
BROKERAGE SERVICES, an unknown
entity; and DOES 1 through 50, inclusive,

　　　　Respondents.

Case No. 30-2014-00733494-PR-PL-CJC

**PETITION FOR TURNOVER OF ESTATE PROPERTY PURSUANT TO PROBATE CODE § 850; AND FOR DOUBLE DAMAGES AND ATTORNEYS FEES PURSUANT TO PROBATE CODE § 859**

Hearing Date:
Time:
Dept.:

Petitioner alleges:

### Jurisdiction and Venue

1.　　This petition arises under Probate Code § 850 in that Petitioner seeks the return of property belonging to the probate estate of Dr. Edward Salkin. The estate proceedings are pending

1

850 Petition

before this Court, as the decedent was a resident of Orange County at the time of his death. As alleged below, the Respondents holding property of the estate are foreign corporations who have registered to do business in California and are therefore subject to the jurisdiction of this Court. This Court therefore has jurisdiction over the subject matter of the petition and the parties, and venue is proper in this Court.

### The Parties

2. Petitioner Julian A. Pollok is the duly appointed Administrator with Will Annexed for the Estate of Edward S. Salkin, deceased, and brings this action in such capacity.

3. Respondents THE VANGUARD GROUP, INC. and VANGUARD MARKETING CORPORATION are Pennsylvania corporations which have registered as foreign corporations with the California Secretary of State to be qualified to do business in California, and have consented to the exercise of jurisdiction over them by the Courts of California.

4. Respondent VANGUARD BROKERAGE SERVICES is an entity whose exact form is unknown to Petitioner. VANGUARD BROKERAGE SERVICES does business on a regular basis in the State of California and has consented to the exercise of jurisdiction over it by the Courts of California

5. Respondent is informed and believes, and therefore alleges, that each of the defendants designated herein as a fictitiously named defendant, DOES 1 through 50, is in some manner responsible for the events and happenings herein referred to.

6. Edward Salkin ("Dr. Salkin") died on June 12, 2014. Dr. Salkin died testate, and his will has been admitted to probate in this Court. Petitioner was appointed by this Court as Administrator with Will Annexed for Dr. Salkin's estate and letters testamentary issued on March 16, 2015. Previously, on July 16, 2014, Petitioner was appointed by this Court as the Special Administrator for Dr. Salkin's estate.

7. Dr. Salkin was a resident of Orange County, California and his dealings with Respondents were in Orange County.

2

## Operative Facts

8. Amongst the assets held by Dr. Salkin at the time of his death were various stocks, securities, and funds held in accounts maintained by and with Respondents. Upon Dr. Salkin's death, such stocks, securities and funds became property of his probate estate. At the time of Dr. Salkin's death, the total value of such stocks, securities, and funds was approximately $9,385,720.

9. On or about July 28, 2014, Petitioner (then acting as the Special Administrator for Dr. Salkin's estate) made demand on Respondents to transfer to Petitioner all of the stocks, securities and funds belonging to Dr. Salkin's estate so that Petitioner could control such assets and liquidate, sell or reinvest them as he deemed appropriate. At the time such demand was made, the value of the stocks, securities and funds belonging to Dr. Salkin's estate was approximately $9,468,189.

10. Respondents thereafter refused to turn over any stocks, securities, or funds belonging to Dr. Salkin's estate in response to Petitioner's demands.

11. On March 11, 2015, Petitioner obtained a Probate Court order directing Respondents to turn over the stocks, securities and funds belonging to Dr. Salkin's estate.

12. Respondents did not allow Petitioner access to the stocks, securities and funds belonging to the estate until on or about March 19, 2015. Petitioner immediately demanded that Respondents liquidate the stocks, securities, and funds and deliver the proceeds to Petitioner in care of Petitioner's investment advisor, First Foundation. On April 9, 2015, Respondents paid over to Petitioner only the sum of $8,558,131.73.

13. Respondents failed and refused to turn over to Petitioner the stocks, securities and funds belonging to Dr. Salkin's estate, or the value of same, when Petitioner demanded that they be turned over. The total value of the stocks, securities and funds that Respondents did eventually turn over to Petitioner was at least $910,057 less than the total value of the stocks, securities and funds Respondents held when demand was made. Pursuant to Probate Code § 850, Respondents are required to return the full value of each stock, security and/or fund, in an amount to be determined according to proof, plus prejudgment interest.

14. Respondents refusal to turn over the property belonging to Dr. Salkin's estate was in bad faith as such term is defined in Probate Code § 859. Accordingly, Petitioner is entitled to, and

3

1  therefore seeks, an award of double damages and an award of attorney fees in accordance with Probate Code § 859.

15. This is not an action arising from contract. Accordingly, the provisions of Civil Code §§ 3294, et.seq. apply. In failing to honor Petitioner's demands for turn over of property belonging to Dr. Salkin's estate, Respondents acted with oppression, and malice and with the conscious disregard of Petitioner's rights. Accordingly, Petitioner is entitled to recover from Respondents punitive and exemplary damages in an amount to be determined by the trier of fact.

WHEREFORE, Petitioner pray for orders/judgment as follows:

1. For an order directing Respondents to turn over to Petitioner the difference in value of each stock, security and/or funds belonging to Dr. Salkin's estate which Respondents wrongfully refused to turn over at the time demand was made, in an amount to be determined according to proof, but not less than $910,057, plus prejudgment interest.

2. For double damages in accordance with Probate Code § 859, of not less than $1,820,114.

3. For reasonable attorneys fees in accordance with Probate Code § 859.

4. For exemplary and punitive damages in accordance with Civil Code § 3294, in an amount to be determined in accordance with law.

5. For costs of suit.

6. For such other an further relief as the Court deems just, proper and equitable.

Dated: March 2, 2016

BIDNA & KEYS, APLC

By: _____
Howard M. Bidna
Richard D. Keys
Attorneys for Petitioner Julian A. Pollok, Administrator with Will Annexed for the Estate of Edward S. Salkin

4

850 Petition

# VERIFICATION

I, Julian A. Pollok, declare:

I have read the foregoing Petition for Turnover of Estate Property Pursuant to Probate Code § 850; and for Double Damages and Attorneys Fees Pursuant to Probate Code § 859. The facts stated therein are true of my own knowledge, except for those facts stated on information and belief, and in such case, I believe them to be true.

I declare under penalty of perjury of the laws of California that the foregoing is true and correct.

Dated: MARCH 2, 2016

Julian A. Pollok, Administrator with Will Annexed for the Estate of Edward S. Salkin

# EXHIBIT 2

**DE-120**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Richard D. Keys, SBN: 105901 <br> Howard M. Bidna, SBN: 81604 <br> BIDNA & KEYS, APLC <br> 5120 Campus Drive, Newport Beach, CA 92660 <br> TELEPHONE NO.: 949-752-7030  FAX NO. *(Optional)*: 949-752-8770 <br> E-MAIL ADDRESS *(Optional)*: rkeys@bidnakeys.com <br> ATTORNEY FOR *(Name)*: Plaintiff Julian A. Pollok | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

[✓] ESTATE OF *(Name)*:  [ ] IN THE MATTER OF *(Name)*:
Edward S. Salkin also known as, Edward Salkin
[✓] DECEDENT  [ ] TRUST  [ ] OTHER

**NOTICE OF HEARING—DECEDENT'S ESTATE OR TRUST**

CASE NUMBER: 30-2014-00733494-PR-PL-CJC

This notice is required by law.
This notice does not require you to appear in court, but you may attend the hearing if you wish.

1. NOTICE is given that *(name)*: Julian A. Pollok
   *(representative capacity, if any)*: Administrator with Will Annexed for the Estate of Edward S. Salkin
   has filed *(specify)*:*

   PETITION FOR TURNOVER OF ESTATE PROPERTY PURSUANT TO PROBATE CODE SECTION 850; AND FOR DOUBLE DAMAGES AND ATTORNEYS FEES PURSUANT TO PROBATE CODE SECTION 859

2. You may refer to the filed documents for more information. *(Some documents filed with the court are confidential.)*

3. A HEARING on the matter will be held as follows:

   a. Date: June 9, 2016   Time: 9:00 a.m.   Dept.: C06   Room:

   b. Address of court [✓] shown above  [ ] is *(specify)*:

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Order* (form MC-410). (Civil Code section 54.8.)

* Do not use this form to give notice of a petition to administer estate (see Prob. Code, § 8100 and form DE-121) or notice of a hearing in a guardianship or conservatorship (see Prob. Code, §§ 1511 and 1822 and form GC-020).

Page 1 of 2



4/6/16

| ESTATE OF (Name): ☑   IN THE MATTER OF (Name): ☐ | CASE NUMBER: |
|---|---|
| Edward S. Salkin also known as, Edward Salkin | 30-2014-00733494-PR-PL-CJC |
| ☑ DECEDENT  ☐ TRUST  ☐ OTHER | |

## CLERK'S CERTIFICATE OF POSTING

1. I certify that I am not a party to this cause.
2. A copy of the foregoing *Notice of Hearing—Decedent's Estate or Trust*
   a. was posted at *(address)*:

   b. was posted on *(date)*:

Date:                                      Clerk, by _____, Deputy

## PROOF OF SERVICE BY MAIL *

1. I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred.
2. My residence or business address is *(specify)*:
   5120 Campus Drive, Newport Beach, CA 92660

3. I served the foregoing *Notice of Hearing—Decedent's Estate or Trust* on each person named below by enclosing a copy in an envelope addressed as shown below AND
   a. ☐ depositing the sealed envelope on the date and at the place shown in item 4 with the United States Postal Service with the postage fully prepaid.
   b. ☑ placing the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. a. Date mailed: 4/4/16     b. Place mailed *(city, state)*: Newport Beach, CA

5. ☑ I served with the *Notice of Hearing—Decedent's Estate or Trust* a copy of the petition or other document referred to in the Notice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/4/16

Kristi Lothian
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)                  (SIGNATURE OF PERSON COMPLETING THIS FORM)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

| | Name of person served | Address (number, street, city, state, and zip code) |
|---|---|---|
| 1. | Corp Service Co which will dba CSC-Lawyers Inc Service | 2710 Gateway Oaks Dr., Ste. 150N Sacramento, CA 95833 (Agent for The Vanguard Group, Inc.) |
| 2. | Corp Service Co which will dba CSC Lawyers Inc. Services | 2710 Gateway Oaks Dr., Ste. 150N Sacramento, CA 95833 (Agent for Vanguard Marketing Corp) |
| 3. | | |
| 4. | | |

☐ Continued on an attachment. *(You may use Attachment to Notice of Hearing Proof of Service by Mail, form DE-120(MA)/GC-020(MA), for this purpose.)*

* Do not use this form for proof of personal service. You may use form DE-120(P) to prove personal service of this Notice.

DE-120 [Rev. July 1, 2005]     **NOTICE OF HEARING—DECEDENT'S ESTATE OR TRUST**     Page 2 of 2
(Probate—Decedents' Estates)

Howard M. Bidna, #78164
Richard D. Keys, # 105901
Bidna & Keys, APLC
5120 Campus Drive
Newport Beach, CA 92660
Tel: (949) 752-7030

Attorneys for Plaintiff Julian A. Pollok,
Administrator with Will Annexed
for the Estate of Edward S. Salkin

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**03/03/2016** at 09:54:00 AM

Clerk of the Superior Court
By Laura Ojeda, Deputy Clerk

06/09/2016

09:00 AM

C06

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| ESTATE OF:<br><br>EDWARD S. SALKIN, also known as,<br>EDWARD SALKIN<br><br><br>JULIAN A. POLLOK, ADMINISTRATOR<br>WITH WILL ANNEXED FOR THE<br>ESTATE OF EDWARD S. SALKIN,<br><br>Petitioner,<br><br>vs.<br><br>THE VANGUARD GROUP, INC., a<br>Pennsylvania corporation; VANGUARD<br>MARKETING CORPORATION, a<br>Pennsylvania corporation; VANGUARD<br>BROKERAGE SERVICES, an unknown<br>entity; and DOES 1 through 50, inclusive,<br><br>Respondents. | Case No. 30-2014-00733494-PR-PL-CJC<br><br><br><br><br><br>**PETITION FOR TURNOVER OF ESTATE PROPERTY PURSUANT TO PROBATE CODE § 850; AND FOR DOUBLE DAMAGES AND ATTORNEYS FEES PURSUANT TO PROBATE CODE § 859**<br><br>Hearing Date:<br>Time:<br>Dept.: |

Petitioner alleges:

### Jurisdiction and Venue

1. This petition arises under Probate Code § 850 in that Petitioner seeks the return of property belonging to the probate estate of Dr. Edward Salkin. The estate proceedings are pending

1

1  before this Court, as the decedent was a resident of Orange County at the time of his death. As
2  alleged below, the Respondents holding property of the estate are foreign corporations who have
3  registered to do business in California and are therefore subject to the jurisdiction of this Court. This
4  Court therefore has jurisdiction over the subject matter of the petition and the parties, and venue is
5  proper in this Court.

### The Parties

8      2.    Petitioner Julian A. Pollok is the duly appointed Administrator with Will Annexed
9  for the Estate of Edward S. Salkin, deceased, and brings this action in such capacity.

10     3.    Respondents THE VANGUARD GROUP, INC. and VANGUARD MARKETING
11 CORPORATION are Pennsylvania corporations which have registered as foreign corporations with
12 the California Secretary of State to be qualified to do business in California, and have consented to
13 the exercise of jurisdiction over them by the Courts of California.

14     4.    Respondent VANGUARD BROKERAGE SERVICES is an entity whose exact form
15 is unknown to Petitioner. VANGUARD BROKERAGE SERVICES does business on a regular
16 basis in the State of California and has consented to the exercise of jurisdiction over it by the Courts
17 of California

18     5.    Respondent is informed and believes, and therefore alleges, that each of the
19 defendants designated herein as a fictitiously named defendant, DOES 1 through 50, is in some
20 manner responsible for the events and happenings herein referred to.

21     6.    Edward Salkin ("Dr. Salkin") died on June 12, 2014. Dr. Salkin died testate, and his
22 will has been admitted to probate in this Court. Petitioner was appointed by this Court as
23 Administrator with Will Annexed for Dr. Salkin's estate and letters testamentary issued on March
24 16, 2015. Previously, on July 16, 2014, Petitioner was appointed by this Court as the Special
25 Administrator for Dr. Salkin's estate.

26     7.    Dr. Salkin was a resident of Orange County, California and his dealings with
27 Respondents were in Orange County.

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

2

## Operative Facts

8. Amongst the assets held by Dr. Salkin at the time of his death were various stocks, securities, and funds held in accounts maintained by and with Respondents. Upon Dr. Salkin's death, such stocks, securities and funds became property of his probate estate. At the time of Dr. Salkin's death, the total value of such stocks, securities, and funds was approximately $9,385,720.

9. On or about July 28, 2014, Petitioner (then acting as the Special Administrator for Dr. Salkin's estate) made demand on Respondents to transfer to Petitioner all of the stocks, securities and funds belonging to Dr. Salkin's estate so that Petitioner could control such assets and liquidate, sell or reinvest them as he deemed appropriate. At the time such demand was made, the value of the stocks, securities and funds belonging to Dr. Salkin's estate was approximately $9,468,189.

10. Respondents thereafter refused to turn over any stocks, securities, or funds belonging to Dr. Salkin's estate in response to Petitioner's demands.

11. On March 11, 2015, Petitioner obtained a Probate Court order directing Respondents to turn over the stocks, securities and funds belonging to Dr. Salkin's estate.

12. Respondents did not allow Petitioner access to the stocks, securities and funds belonging to the estate until on or about March 19, 2015. Petitioner immediately demanded that Respondents liquidate the stocks, securities, and funds and deliver the proceeds to Petitioner in care of Petitioner's investment advisor, First Foundation. On April 9, 2015, Respondents paid over to Petitioner only the sum of $8,558,131.73.

13. Respondents failed and refused to turn over to Petitioner the stocks, securities and funds belonging to Dr. Salkin's estate, or the value of same, when Petitioner demanded that they be turned over. The total value of the stocks, securities and funds that Respondents did eventually turn over to Petitioner was at least $910,057 less than the total value of the stocks, securities and funds Respondents held when demand was made. Pursuant to Probate Code § 850, Respondents are required to return the full value of each stock, security and/or fund, in an amount to be determined according to proof, plus prejudgment interest.

14. Respondents refusal to turn over the property belonging to Dr. Salkin's estate was in bad faith as such term is defined in Probate Code § 859. Accordingly, Petitioner is entitled to, and

3

1  therefore seeks, an award of double damages and an award of attorney fees in accordance with
2  Probate Code § 859.

3      15.    This is not an action arising from contract. Accordingly, the provisions of Civil Code
4  §§ 3294, et.seq. apply. In failing to honor Petitioner's demands for turn over of property belonging
5  to Dr. Salkin's estate, Respondents acted with oppression, and malice and with the conscious
6  disregard of Petitioner's rights. Accordingly, Petitioner is entitled to recover from Respondents
7  punitive and exemplary damages in an amount to be determined by the trier of fact.

9      WHEREFORE, Petitioner pray for orders/judgment as follows:

10     1.    For an order directing Respondents to turn over to Petitioner the difference in value
11 of each stock, security and/or funds belonging to Dr. Salkin's estate which Respondents wrongfully
12 refused to turn over at the time demand was made, in an amount to be determined according to proof,
13 but not less than $910,057, plus prejudgment interest.

14     2.    For double damages in accordance with Probate Code § 859, of not less than
15 $1,820,114.

16     3.    For reasonable attorneys fees in accordance with Probate Code § 859.

17     4.    For exemplary and punitive damages in accordance with Civil Code § 3294, in an
18 amount to be determined in accordance with law.

19     5.    For costs of suit.

20     6.    For such other an further relief as the Court deems just, proper and equitable.

22 Dated: March 2, 2016              BIDNA & KEYS, APLC

By: _____
Howard M. Bidna
Richard D. Keys
Attorneys for Petitioner Julian A. Pollok,
Administrator with Will Annexed for the
Estate of Edward S. Salkin

4

# VERIFICATION

I, Julian A. Pollok, declare:

I have read the foregoing Petition for Turnover of Estate Property Pursuant to Probate Code § 850; and for Double Damages and Attorneys Fees Pursuant to Probate Code § 859. The facts stated therein are true of my own knowledge, except for those facts stated on information and belief, and in such case, I believe them to be true.

I declare under penalty of perjury of the laws of California that the foregoing is true and correct.

Dated: MARCH 2, 2016

Julian A. Pollok, Administrator with Will Annexed for the Estate of Edward S. Salkin