JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-836-JLS-JCGx                                       Date: August 22, 2016
Title: Julian A. Pollok v. The Vanguard Group, Inc., et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                               Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO THE PROBATE DEPARTMENT OF THE ORANGE COUTNY SUPERIOR COURT (Doc. 14)**

Before the Court is a Motion for Order Remanding Action to the Probate Department of the Orange County Superior Court filed by Plaintiff Julian A. Pollok. (Mot., Doc. 14.) Defendants The Vanguard Group, Inc., Vanguard Marketing Corp., and Vanguard Brokerage Services opposed, (Opp., Doc. 21.), and Pollok replied. (Reply, Doc. 27.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for August 26, 2016, at 2:30 p.m., is VACATED. Having read and considered the parties' briefs, the Court GRANTS the Motion.

**I.    BACKGROUND**

On June 12, 2014, Edward Salkin died testate, and his will was admitted to probate in the Superior Court of California in Orange County. (Petition ¶¶ 6–7, Doc. 1.) Plaintiff was appointed as the Administrator of Salkin's estate. (*Id.*)
At the time of his death, Salkin held various stocks, securities, and funds in accounts maintained by Defendants with a total value of approximately $9,468,189. (*Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  8:16-cv-836-JLS-JCGx | Date: August 22, 2016 |
| Title:  Julian A. Pollok v. The Vanguard Group, Inc., et al. | |

¶ 8.)  After Defendants refused to turn over any of these stocks, securities, or funds in response to Plaintiff's demands, Plaintiff obtained a court order on March 11, 2015 directing Defendants to turn over the stocks, securities, and funds belonging to Salkin's estate.  (*Id.* ¶¶ 10–11.)  Defendants did not allow Plaintiff access to the stocks, securities, and funds until on or about March 19, 2015.  (*Id.* ¶ 12.)  Plaintiff then demanded that Defendants liquidate the stocks, securities, and funds and deliver the proceeds to Plaintiff.  (*Id.*)  On April 9, 2015, Defendants paid Plaintiff $8,558,131.73.  (*Id.*)

On March 3, 2016, Plaintiff filed a Petition for Turnover of Estate Property pursuant to California Probate Code Section 850 in the Superior Court of California in Orange County.  (Petition, Doc. 1.)  Plaintiff seeks the difference between the value of Salkin's stocks, securities, and funds at the time of his death and the amount Defendants paid Plaintiff—a sum of "at least $910,057."  (*Id.* ¶ 13.)  Plaintiff also seeks other relief including double damages and attorney's fees.  (*Id.* ¶ 14.)  Defendants were served and first received a copy of the Petition on April 6, 2016.  (Notice of Removal ¶ 4, Doc. 1.)  On May 4, 2016, Defendants filed a Notice of Removal on the basis of diversity jurisdiction and removed the case to this Court.  (Notice of Removal, Doc. 1.)  Plaintiff now moves to remand.  (Mot., Doc. 14.)

## II.  LEGAL STANDARD

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332(a).  Section 1332 "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

However, a federal court has no jurisdiction to "probate a will or administer an estate."  *Markham v. Allen*, 326 U.S. 490, 494 (1946).  Nonetheless, federal courts have jurisdiction to entertain suits in favor of claimants against a decedent's estate so long as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-836-JLS-JCGx                                Date: August 22, 2016

Title: Julian A. Pollok v. The Vanguard Group, Inc., et al.

the federal court "does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Id.* The probate exception reserves to state probate courts "the probate or annulment of a will and the administration of a decedent's estate" as well as the "dispos[ing] of property that is in the custody of a state probate court," but it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction. *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). "Causes of action 'merely related' to probate matters are not within the probate exception." *In re Kendricks*, 572 F. Supp. 2d 1194, 1198 (C.D. Cal. 2008).

Whether removal is proper is determined solely on the basis of the pleadings filed in state court. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam). "It is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "a plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

### III. DISCUSSION

Defendants removed this case on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal at 3.) Plaintiff is a resident of California. (Petition ¶ 7.) Defendants are Pennsylvania corporations, (Petition ¶ 3), and they assert that their principal place of business is in Pennsylvania, (Notice of Removal at 4.) Plaintiff does not dispute Defendants' assertions regarding their state of incorporation or their principal place of business. Plaintiff seeks at least $910,057 from Defendants. (Petition, Prayer for Relief ¶ 1.) Based on these facts, Defendants have established complete diversity and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:16-cv-836-JLS-JCGx                                                        Date: August 22, 2016
Title:  Julian A. Pollok v. The Vanguard Group, Inc., et al.

an amount in controversy greater than $75,000, and removal would be proper on that basis. *See* 28 U.S.C. § 1332(a).

Plaintiff's primary argument for remand is that the "probate exception" applies because Salkin's stocks, securities, and funds became the property of his probate estate when he died, and those assets came under the jurisdiction of the probate court when Salkin's will was entered into probate.  (Mem. at 9–10, Doc. 14.)  Here, the probate court issued a turnover order requiring Defendants to turn over the entirety of what was in decedent's Vanguard accounts.  Plaintiff's Petition alleges the value of Salkin's accounts with Defendants was approximately $9,468,189, and Defendants turned over only $8,558,131.73.  (Petition ¶¶ 8, 12.)  Pursuant to Section 850 of the Probate Code, the Petition seeks to recover the difference.  (*Id.* ¶ 13.)  Defendants, on the other hand, assert that they already turned over the contents of Salkin's accounts to Plaintiff and that Plaintiff is simply seeking the diminution in value the assets suffered between Salkin's death and the turnover of assets to Plaintiff.  (*See* Opp. at 10.)  Defendants argue that therefore the probate exception does not apply because (1) the Petition's turnover claim is actually a disguised claim for damages, (Opp. at 8); and (2) to the extent any diminution in value constitutes property, the probate court does not have *in rem* jurisdiction over it because it is held in Pennsylvania and is not in the probate court's custody, (Opp. at 9–10.)

Here, an exercise of jurisdiction would require this Court to determine whether Defendants in fact turned over all of Salkin's assets and fully complied with the probate court's order.  That would constitute impermissible interference with a state court proceeding.  *See Markham*, 326 U.S. at 494 (stating that federal courts may hear suits by claimants against a decedent's estate "so long as the federal court does not interfere with probate proceedings"); *see also In re Estate of Kraus*, 184 Cal. App. 4th 103, 114 (2010) ("The probate court has jurisdiction to determine whether property is part of the decedent's estate or living trust.").

Moreover, while it is true that the probate exception "does not bar federal courts from adjudicating matters outside [the probate or annulment of a will, the administration of a decedent's estate, or the disposing of property in the custody of a state probate court]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-836-JLS-JCGx                                    Date: August 22, 2016
Title: Julian A. Pollok v. The Vanguard Group, Inc., et al.

and otherwise within federal jurisdiction," *Marshall*, 547 U.S. at 311, Defendants have failed to otherwise show that this case falls outside those confines. *Thomas v. Artist Rights Enforcement Corp.*, to which Defendants repeatedly refer, was a case where the plaintiffs' Section 850 petition disputed the validity of a contract. 572 F. Supp. 2d 1194, 1198 (C.D. Cal. 2008). *Campi v. Chirco Trust UDT 02–11–97* involved allegations of "fraud, undue influence, and breach of fiduciary duties." 223 Fed. Appx. 584, 585 (9th Cir. 2007). No such claims appear in Plaintiff's Petition in this case. Defendants point to a complaint Plaintiff filed against Defendants in Los Angeles Superior Court as evidence that this case involves a tort claim, but whether removal is proper is determined solely on the basis of the pleadings filed at the time of removal. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016). The existence of a subsequently-filed Superior Court action, which in any event contains different claims than those of the Petition, is irrelevant to this Court's jurisdiction.

Based on the pleadings, this case addresses compliance with a probate court's turnover order, which falls within the purview of administering the estate and, therefore, places it under the probate exception. *See Markham*, 326 U.S. at 494.

### V.     CONCLUSION

For the foregoing reasons, the Motion is GRANTED. The Court therefore REMANDS this matter to the Superior Court of California in Orange County (30-2014-00733494-PR-PL-CJC) and VACATES all scheduled dates.

Initials of Preparer: tg